IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NEAL K. MADDOX, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00696 SWW |
| | * | |
| UNITED STATES DEPARTMENT OF DEFENSE, ET AL., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is defendants' motion to dismiss to which plaintiff responded. For the reasons stated below, the motion is granted.

**Background**

Plaintiff filed his complaint on September 21, 2011. He says he was an employee of the United States Department of the Army from June 2003 to April 2006. Plaintiff claims defendants have developed or contracted for the development of technologies such as "RF, Microwave, Laser, High Frequency Sound, Low Frequency Sound, etc transmissions developed for military tactics and warfare." He says that soon after he reported an alleged violation of law by an Army employee and some contractors to the Army's Criminal Investigation Division at Fort Benning, Georgia, plaintiff came under attack "by these contractors Paramilitary cult . . . which are using Laser, RF, Microwave, High Frequency Sound, etc" against him. Compl.

Plaintiff seeks an investigation of this Paramilitary cult, complaining that his efforts to obtain assistance and relief from the Department of Defense, the Army, the United States

Attorney General, and the FBI have been unsuccessful, and that the Department of Defense denied him Whistleblower status. Plaintiff requests "relief through an investigation by DOD US Army CID and DOD providing detection devices for these technologies, reinstatement to a similar job with back pay and benefits as a civilian employee of the US Army, designated a Whistleblower under the Federal Whistleblower Laws" ... Health and Safety." status, such other Personnel actions as may be appropriate by the Court and such other unspecified compensation as may be appropriate by the Court." *Id*.

Defendants move for dismissal, arguing plaintiff's claim is barred by *res judicata*. They also argue the Court lacks subject matter jurisdiction over a claim brought under the Whistleblower Protection Act. Plaintiff responds that the doctrine of *res judicata* does not apply and that the Department of Defense's handling of his whistleblower claim was arbitrary and capricious.

## Discussion

Defendants move to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6). Under the doctrine of *res judicata*, or claim preclusion, "a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action." *Wintermute v. Kansas Bankers Surety Co.,* 630 F.3d 1063, 1067 (8th Cir.2011), quoting *Professional Management Associations, Inc. v. KPMG LLP,* 345 F.3d 1030, 1032 (8th Cir.2003). The elements of res judicata are: "(I) the court that previously adjudicated the claim had jurisdiction to do so, (ii) the previous litigation resulted in a final judgment on the merits, and (iii) the previous suit involved the same cause of action between the parties, or was based on the same nucleus of operative facts." *Larken, Inc. v. Wray,* 189 F.3d 729, 732 (8th Cir.1999).

The record reflects that in 2008, plaintiff filed a *pro se* complaint and petition for writ of

mandamus. *Maddox v. Federal Bureau of Investigation, et al.*, Case No. 4:08cv0048 BRW.[1] In that complaint, plaintiff alleges he was employed as a procurement analyst by the United States Army at Fort Benning, Georgia, from June 2003 through April 2006. He claimed that around December 2005, he began being attacked by a group of people through the use of High Frequency Sound, RF, Microwave, etc. He sought a writ of mandamus requiring the FBI to investigate and seeking reinstatement to his previous position with the Army. Plaintiff's 2008 complaint was dismissed for failure to state a claim upon which relief can be granted.[2]

There is no dispute that the previous adjudication was by a court of competent jurisdiction and the order was a final judgment. Plaintiff argues, however, that the previous complaint was not a "suit" against the FBI but a petition for writ of mandamus and therefore, the cause of action is not the same. "[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Lane v. Peterson*, 799 F.2d 737, 742 (8th Cir. 1990). *Res judicata* "prevents parties from suing on a claim that is in essence the same as a previously litigated claim but is dressed up to look different. Thus, where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Id*. at 744. The Court finds the claims are the same for purposes of *res judicata* even though plaintiff sought a writ of mandamus in the previous complaint and now brings his claim under the Whistleblower Protection Act.

Defendants also argue the complaint should be dismissed for lack of subject matter jurisdiction. Federal district courts have no jurisdiction to entertain claims brought pursuant to

---

[1] Defs.' Mem. in Supp. of Mot. to Dismiss, Ex. 1.

[2] *Id*., Ex. 2.

the Whistleblower Protection Act.  *See Burrell v. U.S. Postal Serv.*, 164 F.Supp.2d 805, 813 (E.D.La. 2001); *Ugarte v.  Johnson*, 40 F.Supp.2d 178, 181-82 (S.D.N.Y. 1999); *Hooks v. Army & Air Force Exch. Serv.*, 944 F.Supp. 503, 506 (N.D.Tex. 1996).  Therefore, the Court finds plaintiff's complaint should be dismissed for lack of subject matter jurisdiction as well.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss [docket entry 8] is granted.  Plaintiff's complaint is dismissed.  A separate judgment will be entered accordingly.

DATED this 5th day of December, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE